IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DeKENDRICK DONTE MATLOCK § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3:12-CV-2586-N-BD |
| RICK THALER, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner DeKendrick Donte Matlock, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The application should be dismissed without prejudice.

**I.**

On July 30, 2012, petitioner filed an application for writ of habeas corpus challenging his conviction for theft of property. He did not pay the statutory filing fee or seek leave to proceed *in forma pauperis*. By order dated August 1, 2012, the court notified petitioner of this deficiency and warned that the case would be dismissed unless he either paid the filing fee or filed a motion to proceed *in forma pauperis* within 20 days. *See* Order, 8/1/12. Petitioner then submitted a letter to the Clerk of Court generally accusing her of conspiring to violate his rights by failing to name the Warden of the TDCJ Coffield Unit as respondent in this habeas case. (*See* Doc. #7). He did not submit the statutory filing fee nor otherwise address *in forma pauperis* status. On September 11, 2012, petitioner was given another 20 days to either pay the filing fee or seek leave to proceed *in forma pauperis*, and reminded that the failure to do so "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." *See* Order, 9/11/12. He did not respond.

The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).[1]

**II.**

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (*citing Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Petitioner has not paid the statutory filing fee or sought leave to proceed *in forma pauperis*. Until he does so, this litigation cannot proceed. Petitioner was twice notified of this deficiency and warned that the failure to either pay the filing fee or file a motion to proceed *in forma pauperis* would result in the dismissal of his case. He has not complied. Under these circumstances, dismissal is clearly warranted. *See Blair v. Quarterman*, No. 3-06-CV-2388-N, 2007 WL 867238 at *1 (N.D. Tex. Mar. 22, 2007) (dismissing habeas proceeding without prejudice after petitioner failed to comply with two court orders requiring him to either pay the statutory filing fee or seek leave to proceed *in forma pauperis*); *Lattimer v. Dretke*, No. 3-05-CV-2370-M, 2006 WL 385126 at * 1 (N.D. Tex. Jan. 25, 2006) (same).

---

[1] Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. (*See* Doc. #9). Because petitioner is not permitted to proceed without paying the statutory filing fee or being granted *in forma pauperis* status, the Court declines to address the limitations issue at this time.

**RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** on this 19th day of October, 2012.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE